**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

John Henry Davenport, Jr., Appellant.

Appellate Case No. 2020-000198

---

Appeal From Newberry County
D. Craig Brown, Circuit Court Judge

---

Unpublished Opinion No. 2022-UP-431
Submitted November 1, 2022 – Filed December 7, 2022

---

**AFFIRMED**

---

Appellate Defender Jessica M. Saxon, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Ambree Michele Muller, both of Columbia; and Solicitor David Matthew Stumbo, of Greenwood, all for Respondent.

---

**PER CURIAM:** John Henry Davenport, Jr. appeals his conviction for first-degree domestic violence and his sentence of ten years' imprisonment. On appeal, Davenport argues the trial court erred in denying his directed verdict motion

because the State failed to prove that Davenport and the victim were household members.

Because the State presented evidence that Davenport and the victim often spent the night at the same address, each listed the same address as their residence on their respective identification cards, the victim testified she lived at the address from June 2018 to November 2019, the victim referred to Davenport as her boyfriend, and the two maintained a sexual relationship at the time of the altercation, we affirm pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Cherry*, 361 S.C. 588, 594, 606 S.E.2d 475, 478 (2004) ("When reviewing a denial of a directed verdict, [appellate c]ourts must view the evidence and all reasonable inferences in the light most favorable to the [S]tate."); *State v. Hepburn*, 406 S.C. 416, 429, 753 S.E.2d 402, 409 (2013) ("If the [S]tate has presented 'any direct evidence or any substantial circumstantial evidence reasonably tending to prove the guilt of the accused,' [an appellate c]ourt must affirm the trial court's decision to submit the case to the jury." (quoting *Cherry*, 361 S.C. at 593-94, 606 S.E.2d at 478)); *E.D.M. v. T.A.M.*, 307 S.C. 471, 475, 415 S.E.2d 812, 815 (1992) ("'Cohabitation' has been defined as 'living together in the same house.'" (quoting *Barksdale v. United States*, 4 F. Supp. 207 (D.S.C. 1931)); *id.* (finding a couple had cohabitated when "the parties admittedly lived together, shared the same bed, and engaged in at least minimal sexual activity"); *State v. Golston*, 399 S.C. 393, 395, 732 S.E.2d 175, 177 (Ct. App. 2012) (finding cohabitation when the defendant and the victim "lived together 'off and on' for approximately five years").

**AFFIRMED.**[1]

**KONDUROS, HEWITT, and VINSON, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.